UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAFIL DHAFIR
        Petitioner,

v.

WARDEN JEFFREY GRONDOLSKY,
FEDERAL BUREAU OF PRISONS,
DIRECTOR OF THE FEDERAL
BUREAU OF PRISONS, AND LORETTA
LYNCH,
        Respondents,

CIVIL ACTION
NO. 16-12456-ADB

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

## I.    Introduction

On December 12, 2016, petitioner Rafil Dhafir, a prisoner incarcerated at FMC Devens in Ayer, Massachusetts, filed a petition for mandamus or alternatively a petition for a writ of habeas corpus under 28 U.S.C. § 2241 with an incorporated memorandum in support. Dhafir claims that respondent has improperly determined that he is ineligible for compassionate release under 18 U.S.C § 3582(c). For the reasons stated below, the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby DENIED and this action is hereby DISMISSED.

## II.    Background

The Federal Bureau of Prisons ("BOP") maintains eligibility qualification criteria for Reduction in Sentence ("RIS") requests by inmates for implementation of 18 U.S.C. § 3582(c)(1)(A). See Bureau of Prisons Program Statement 5050.49, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g) (March 25, 2015). Pursuant to PS 5050.49(4)(c), one criteria for RIS eligibility

1

relates to elderly inmates as follows:

> c. Other Elderly Inmates. Inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced.

PS 5050.49(4)(c). On April 30, 2016, Dhafir filed an internal grievance at FMC-Devens, requesting that BOP file an RIS motion because he believed that he qualified because of his age and having served more than ten years of his 22-year sentence. [ECF No. 1-1 at 1–2]. Dhafir argued that the 75% requirement was applicable to inmates who have less than a ten year sentence. Id.

On May 16, 2016, FMC Devens' Unit Manager denied Dhafir's grievance responding:

> You state that you meet the criteria for a RIS because you have served over 13 years of your prison sentence, which is greater than the stated 10 years which are required. However, this does not completely satisfy the requirement because it states that you must be over the age of 65 and having served the *greater* of 10 years or 75% of your sentence. You have not yet served 75% of your sentence so you do not qualify at this time for RIS."

[ECF No. 1-1 at 2 (emphasis in original)].

On May 18, 2016, Dhafir filed a Request for Administrative remedy appealing the Unit Manager's decision to FMC Devens' Warden Jeffrey Grondolsky. [ECF No. 1-1 at 3]. Dhafir argued, again, that the 75% requirement was applicable to inmates who were serving a sentence of less than ten years. Id. On June 16, 2016, Warden Grondolsky denied the appeal, concurring with the Unit Manager's assessment of Dhafir's ineligibility. Id. Specifically, the Warden stated that Dhafir had failed to make a proper request, but that he did not meet the criteria for a reduction in sentence because he had not served the greater of 10 years or 75% of his sentence. Id.

On October 11, 2016, Dhafir's further appeal of the denial of his RIS request was denied. Consistent with the Warden and Unit Manager, BOP's National Inmate Appeals Administrator wrote:

> Title 18 of the United States Code, §3582(c)(1)(A), allows a sentencing court, on motion of the Director of BOP, to reduce a term of imprisonment for extraordinary and compelling reasons. Pursuant to Program Statement No. 5050.49., Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A)…consideration for a RIS may be given to an inmate who is age 65 or older and who has served the greater of 10 years or 75 percent of the term of imprisonment to which he was sentenced….[Y]ou were sentenced to a 264 month (22 years) sentence by the U.S. District Court, Northern District of New York. Your projected Good Conduct Time release date is April 26, 2022. You are 68 years old and have served over 13 years and seven months (61%) of your sentence. In your case, the greater of 10 years or 75% of your sentence is 75% of your sentence. You have not served 75% of your sentence. Accordingly, your appeal is denied.

[ECF No. 1-1 at 5]. Dissatisfied with the results, petitioner brought the instant action.

### III. Discussion

Pursuant to 28 U.S.C. § 2243, a writ of habeas corpus must be "directed to the person having custody of the person detained." It is well-settled that a prisoner contesting the legality of his detention normally must name his immediate custodian, "the individual having day to day control over the facility in which he is being detained" as the respondent to the petition. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). The Court will therefore dismiss the claims against all respondents, except Warden Jeffrey Grondolsky, on the grounds that they are improper parties to a 28 U.S.C. § 2241 proceeding. The Court dismisses the claims against Grondolsky for the following reasons.

Dhafir is seeking review of BOP's decision not to seek a reduction in sentence under 18

U.S.C. §3582(c)(1)(A). The courts in this district have entertained 28 U.S.C. §2241 petitions on this issue before, but there remains an open jurisdictional question as to whether the Court can review BOP's decision not to seek an RIS motion under §3582(c)(1)(A).[1] "[A]lthough the First Circuit has not ruled on this issue, other circuits have uniformly held that the BOP's decision to deny compassionate release is not subject to judicial review." Webb v. Grondolsky, No. CIV.A. 12-40114-RWZ, 2013 WL 1003452, at *1 (D. Mass. Mar. 14, 2013) (unpublished decision, citations omitted) (dismissing § 2241 habeas corpus petition); see also Leja v. Sabol, 487 F.Supp. 2d 1 (D. Mass. 2007) (dismissing § 2241 petition).[2]

Assuming without finding that the Court could review BOP's decision, as a threshold issue, Dhafir's interpretation of the RIS eligibility standard is facially incorrect. That is, Dhafir does not appear to be eligible under the RIS criteria cited, which is potentially available to inmates "65 years or older and have served the *greater of* 10 years or 75% of the term of their imprisonment to which the inmate was sentenced." PS 5050.49(4)(c) (emphasis supplied). The

---

[1] The Court has proceeded with this petition under 28 U.S.C. §2241, although the plaintiff does argue mandamus in the alternative. To the extent that plaintiff seeks to proceed in a mandamus action under 28 U.S.C. § 1361, or otherwise, he would need to refile his complaint as a non habeas civil action, which is subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and, potentially, might qualify as an action commonly referred to as a "strike" under 28 U.S.C. § 1915(g) if the action is dismissed for grounds enumerated therein. He would also be required to pay the $400 filing fee or seek *in forma pauperis* status for a waiver of prepayment of the fee.

[2] The First Circuit has stated in an unpublished decision that "[w]hether the BOP's refusal to so move [under 18 U.S.C. § 3582] is reviewable by the courts is an open question, but one we need not address. Even assuming there is some form of judicial review, the record…does not establish arbitrary or capricious action by the BOP…On the present record, the Petitioner has not established the BOP's stated concern is so irrational and groundless that this Court should negate it." Morales v. United States, No. 05-1191, Slip Op. 2 (1st Cir. Nov. 28, 2005).

plain, unambiguous interpretation is that Dhafir has to serve the greater of two options: (a) 10 years or (b) 75% of the sentence imposed. Dhafir's interpretation of the criteria would impermissibly require the Court to ignore the phrase "greater of." See Petrie v. Schultz, No. CIV.A. 09-6291 RBK, 2011 WL 9444, at *1 (D.N.J. Jan. 3, 2011) (rejecting same interpretation made by Dhafir but in regard 42 U.S.C. § 17541(g)(5)(A)(i)-(iii), because it "omits to recognize that the phrase 'the greater of' serves as an express modifier of the following conjunction 'or.'").

Accordingly, this Court either has no jurisdiction to review BOP's decision because it is not subject to judicial review, or if it does, on this record as alleged by Dhafir, the Court cannot conclude that BOP acted in an arbitrary or capricious manner. Therefore, "it appears from the application that the applicant or person detained is not entitled" to a writ. 28 U.S.C. § 2243.

## IV.     Conclusion and Order

Based on the above, it is hereby ordered that the 28 U.S.C § 2241 Petition is <u>DENIED</u> and the action is <u>DISMISSED</u> as to Warden Jeffrey Grondolsky. The action is <u>DISMISSED</u> as to the remaining respondents as improper parties under 28 U.S.C. §2243. This dismissal is without prejudice to petitioner filing a separate civil action.

**SO ORDERED.**

Dated: February 7, 2017

                                              /s/ Allison D. Burroughs
                                              ALLISON D. BURROUGHS
                                              UNITED STATES DISTRICT JUDGE